NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3115
_____

ZIA SHAIKH,
        Appellant

v.

MADELINE EINBINDER, J.S.C.; MARLENE L. FORD, A.J.S.C.;
JOHN S. DORAN, J.S.C.; FRANCIS HODGSON, J.S.C.;
LISA P. THORTON, A.J.S.C.; DEBORAH H. SCHRON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 20-cv-02540)
District Judge:  Honorable Zahid N. Quraishi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2022
Before:  RESTREPO, PHIPPS, and COWEN,[*] <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 3, 2022)

---

[*] The Honorable Robert E. Cowen assumed inactive status on April 1, 2022, after the argument and conference in this case, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

_____

OPINION[*]

_____

PER CURIAM

Zia Shaikh appeals the District Court's order dismissing his second amended complaint and denying his motion for a preliminary injunction. For the reasons below, we will affirm the District Court's order.

In July 2020, Shaikh filed a complaint, alleging that his rights were violated by the decisions of several state court judges in his family court proceedings. Because Shaikh was proceeding in forma pauperis, the District Court screened the complaint before service on the defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). It determined that the defendants were entitled to judicial immunity, dismissed the complaint, and denied Shaikh's request for a preliminary injunction. It gave him the opportunity to file an amended complaint that cured the original complaint's deficiencies. After Shaikh filed an amended complaint, the District Court again screened and dismissed it, concluding that he had not cured the deficiencies. It gave Shaikh one final opportunity to amend his complaint.

Shaikh filed a second amended complaint, noting that he would only be discussing the "non-judicial and criminal actions" by the defendant judges. He then repeated many

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

of the allegations from the original and amended complaints. The District Court screened the second amended complaint and dismissed it, concluding that Shaikh had again failed to cure the deficiencies in his claims against the judicial defendants. It denied Shaikh's request for a preliminary injunction as moot. Shaikh filed a timely notice of appeal.[†]

In his brief, Shaikh argues that the judicial defendants were not entitled to immunity because their actions fall within the exceptions set forth in Mireles v. Waco, 502 U.S. 9 (1991). In Mireles, the Supreme Court held that judges do not have immunity for "nonjudicial actions" or "actions taken in the complete absence of all jurisdiction." Id. at 11-12. We agree with the District Court that neither exception applies here and that the defendants were entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978) (judges not civilly liable for judicial acts); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). The actions Shaikh challenges in his second amended complaint were taken by the defendant judges in their judicial capacity and not in the complete absence of jurisdiction.

Shaikh also contends that the District Court dismissed his second amended complaint prematurely before the defendants raised the defense of judicial immunity. However, because Shaikh proceeded in forma pauperis, the District Court properly screened and dismissed his second amended complaint before service pursuant to 28

---

[†] We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

U.S.C. § 1915(e)(2)(B)(iii) (requiring the District Court to dismiss cases that seek monetary relief against a defendant who is immune).

Finally, Shaikh argues that he will suffer irreparable harm without a preliminary injunction but does not specify what injunctive relief he is requesting or explain why he is entitled to such relief. A passing reference is not sufficient to raise an issue. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); see Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief."). Even with the liberal pleading standards afforded to pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Shaikh's brief is not sufficient. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). Moreover, because the relief sought by Shaikh in the District Court does not concern actions by the defendants taken outside of their judicial capacity[‡] and Shaikh has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, his claims for injunctive relief are barred. See 42 U.S.C. § 1983 (providing that

---

[‡] In the District Court, Shaikh requested that the District Court (1) vacate a bench warrant against him for failure to pay child support; (2) dismiss the case against him for child support arrears because he is purportedly exempt as an independent business owner; and (3) give him custody of his children pursuant to a "jury verdict" from an online company in Arizona.

4

injunctive relief may not be granted against a judicial officer for acts taken in her judicial capacity unless a declaratory decree was violated or such relief is unavailable); Azubuko, 443 F.3d at 303-04.

For the above reasons, we will affirm the District Court's order.